UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LAVELLE T. PASCHAL, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION G-07-240 |
| | § | |
| EAGLE DRILLING LLC, et al, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Hallwood Petroleum, LLC's motion to dismiss. Dkt. 9. Upon consideration of the motion, response, reply, and sur-reply of the parties, and the applicable law, the motion to dismiss is DENIED. However, as explained below, the court finds that venue more appropriately lies in the Northern District of Texas. Therefore, the court ORDERS that this case be TRANSFERRED to the Northern District of Texas, Dallas Division.

### BACKGROUND

Plaintiff Lavelle Paschal filed suit in the Southern District of Texas, Galveston Division asserting claims for personal injury against defendants Eagle Drilling, LLC and Hallwood Petroleum, LLC ("Hallwod"). Eagle Drilling has since been dismissed from this case.

Plaintiff is a resident of Bernice, Louisiana and was injured on August 14, 2006, when the drilling rig he was working on collapsed near El Paso, Arkansas. Hallwood, the owner or operator of the rig, is a Delaware corporation with its principal place of business in Dallas, Texas.

### STANDARD OF REVIEW

Defendant has moved to dismiss this case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Alternatively, defendant requests a transfer of this case to the

Northern District of Texas pursuant to 28 U.S.C. § 1406(b) which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

28 U.S.C. § 1391 governs venue in diversity cases such as this. It states that such a civil action may be brought in:

> (a) . . . (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
> . . .
> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State. . .

Therefore, pursuant to 28 U.S.C. § 1391(a) and § 1391(c), venue is only appropriate in the Southern District of Texas if Hallwood is subject to personal jurisdiction in the Southern District of Texas. For the purposes of this analysis, the Southern District of Texas is to be treated as if it were a state.

Personal jurisdiction over a nonresident defendant requires that two conditions be met: (1) the defendant "must be amenable to service of process under the forum state's long-arm statute," and (2) "the assertion of jurisdiction over the nonresident must be consistent with the

Fourteenth Amendment due process clause." *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). "The Texas long-arm statute has been interpreted to extend to the limits of due process." *Id.* Therefore, the issue here rests on whether the Fourteenth Amendment's due process requirements have been satisfied.

The Supreme Court, in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154 (1945), created a two-prong test to determine if due process has been satisfied: (1) the defendant must have "certain minimum contacts with the state"; and (2) "the exercise of jurisdiction over the defendant [must] not offend 'traditional notions of fair play and substantial justice.'" *See also Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993). The minimum contacts prong has further been divided into general and specific jurisdiction. *Ruston Gas Turbines*, *Inc.*, 9 F.3d at 418.

General jurisdiction exists when a defendant's contacts with the forum state are "continuous and systematic." *Id.* at 419; *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415, 104 S. Ct. 1868 (1984). Such contacts must be more than single or isolated activities. *Int'l Shoe Co.*, 326 U.S. at 317. A forum state may exercise specific jurisdiction over a defendant when it has "'purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Cent. Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003).

## ANALYSIS

The facts of this case do not support either general or specific jurisdiction over Hallwood in the Southern District of Texas. In opposition to defendant's motion, plaintiff argues that Hallwood is subject to personal jurisdiction here because of its role in an unrelated bankruptcy matter. Specifically, Hallwood is a party in a contested bankruptcy proceeding now pending in

3

this District.  Eagle Domestic Drilling Operations LLC, the debtor in the bankruptcy, was plaintiff's employer at the time of his injury and is a subsidiary of Eagle Drilling, a former defendant in this action.  Hallwood and Eagle Domestic Drilling Operations are involved in a contractual dispute which will be tried in the bankruptcy court before a jury.  Hallwood's appearance in that action is plaintiff's only support for the exercise of jurisdiction over it in this action.[1]

These contacts are in no way "continuous and systematic," and they do not support the exercise of general jurisdiction.  Nor do they support the exercise of specific jurisdiction.  While it can be argued that Hallwood's voluntary participation in an adversary proceeding is an activity purposefully directed at the state, this action in no way arises out of that participation.  The underlying facts in this dispute may be related to facts underlying the contractual dispute proceeding in bankruptcy court, but that is not the test.  Rather, the test is whether the injury alleged in this case arises out of contacts with this District.  There is no plausible argument that plaintiff's injuries arise out of Hallwood's participation in a bankruptcy proceeding.  Accordingly, this court does not have personal jurisdiction over Hallwood, and venue is inappropriate here.

Venue is, however, appropriate in the Northern District of Texas because Hallwood, the only remaining defendant, resides there.  *See* 28 U.S.C. § 1391.

---

[1] Plaintiff also notes that his employer at the time of the accident was headquartered in the Southern District of Texas and that his worker's compensation case is being handled here.  These facts are of no relevance in the court's analysis.  While they might be relevant if this were a motion pursuant to 28 U.S.C. § 1404, they are not probative here, where the only question is whether defendant is subject to personal jurisdiction in this District.

## CONCLUSION

Since venue is not appropriate here but would be appropriate in the Northern District of Texas, where defendant Hallwood maintains its principle place of business, Hallwood's motion to dismiss is DENIED but its motion to transfer is GRANTED. This case is, therefore, TRANSFERRED to the Northern District of Texas, Dallas Division.

Signed at Houston, Texas on January 7, 2008.

_____
Gray H. Miller
United States District Judge